IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,279






EX PARTE ARNALDO ALEMAN GOMEZ, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


 CAUSE NO. CR-2002-297 IN THE 22nd JUDICIAL DISTRICT COURT

COMAL COUNTY






 Per curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq.. Applicant was convicted,
on four separate counts, of the felony offenses of engaging in organized criminal activity and
possession of marihuana. The punishment was assessed at confinement for forty-five years,
forty-five years, forty-five years, and twenty years. Applicant's appeal was dismissed for
want of jurisdiction. Gomez v. State, No. 03-03-00454-CR (Tex. App. -Austin, delivered
August 14, 2003, no pet.).

 Applicant contends that he was denied his right to appeal. The trial court has entered
findings of fact and conclusions of law recommending that Applicant be granted an out-of-time appeal. We agree. Tex. Code Crim. Proc. art. 26.04 (j) (2), requires appointed counsel
to "represent the defendant until charges are dismissed, the defendant is acquitted, appeals
are exhausted, or the attorney is relieved of his duties or replaced by other counsel". The
duty to perfect an appeal attaches whether counsel is appointed or retained. See Ex parte
Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). Knowing that Applicant wanted to appeal,
counsel had the duty to timely file a motion for new trial or give timely notice of appeal,
unless relieved by the trial court or replaced by other counsel.

 Habeas corpus relief is granted and Applicant is granted an out-of-time appeal from
his conviction in cause number CR-2002-297 from the 22nd District Court of Comal County. 
The proper remedy in a case such as this is to return Applicant to the point at which he can
give notice of appeal. For purposes of the Texas Rules of Appellate Procedure, all time
limits shall be calculated as if the conviction had been entered on the day that the mandate
of this Court issues. We hold that Applicant, should he desire to prosecute an appeal, must
take affirmative steps to see that notice of appeal is given within thirty days after the mandate
of this Court has issued.


DO NOT PUBLISH

DELIVERED: October 26, 2005